**In re Robert B. PATTERSON, Respondent.**

**No. 00–BG–692.**

District of Columbia Court of Appeals.

Aug. 23, 2001.

Before STEADMAN and RUIZ, Associate Judges, and PRYOR, Senior Judge.

## ORDER

PER CURIAM:

On January 26, 2000, the Virginia State Bar Disciplinary Board suspended respondent, Robert B. Patterson, for ninety days after he admitted that he practiced law after his license was suspended for failure to pay dues and that he dishonestly told a judge before whom he was appearing that he was unaware that his license had been suspended. After learning of respondent's discipline, we temporarily suspended respondent on June 13, 2000, pursuant to D.C. Bar R. XI, § 11(d), and referred the matter to the Board on Professional Responsibility ("Board"). The Board recommends that we impose identical reciprocal discipline.

Neither Bar Counsel nor respondent opposes the Board's report and recommendation, making the scope of our review quite limited. *See In re Goldsborough,* 654 A.2d 1285, 1287–88 (D.C.1995); D.C. Bar R. XI, § 11(f). Given the presumption in favor of

identical reciprocal discipline, *see In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992), we adopt the Board's recommendation. Accordingly, it is

ORDERED that Robert B. Patterson be suspended from the practice of law in the District of Columbia for the period of ninety days. Respondent has not filed the affidavit required by D.C. Bar R. XI, § 14. We direct his attention to the requirements of that rule and its effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*